## Brown's Estate

Before Van Dusen, P. J., Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

428

*J. Willison Smith, Jr.*, for exceptants.

*Robert T. McCracken* and *A. Evans Kephart*, contra.

STEARNE, J., November 22, 1939.—There is little which can be profitably added to what the learned auditing judge has so accurately and ably written.

Under the authorities cited by the auditing judge there is not the slightest doubt but that the widow takes as a creditor under the terms of the antenuptial agreement, and not as a legatee under the will. In unequivocal terms the widow contracted to accept what the antenuptial agreement stipulated, in lieu of dower and of her rights as widow. Had decedent died intestate, or disposed of his entire estate by will ignoring his widow, she, *as creditor*, could have presented her claim under the antenuptial agreement. The fact that testator by his will acknowledges liability under the agreement, and directs the performance thereof, does not change the status of the widow as creditor to that of legatee.

But any shadow of doubt as to the right of this widow —even as legatee—to interest from the date of death of decedent is dissipated when it is observed that the agreement provides that payment was to be made "at or before the audit". Under the Fiduciaries Act of June 7, 1917, P. L. 447, sec. 21, interest runs on pecuniary legacies for the use of the widow from the date of the death of the testator *"unless a contrary intention appear by the will"*. (Italics supplied.) The provision of the agreement fixing a date of payment, viz, at the audit, is irrefutably an expression of a "contrary intent" that interest should commence to run from the date of death. The auditing judge meticulously allowed interest from the date of the first hearing.

The exceptions are dismissed and the adjudication is confirmed absolutely.